IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| RAY FLOWERS, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-3890-L (BF) |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, as TRUSTEE for MORGAN | § | |
| STANLEY ABS CAPITAL I, INC., TRUST | § | |
| 2006-NC4, WELLS FARGO BANK, N.A. | § | |
| d/b/a AMERICA'S SERVICING | § | |
| COMPANY, and NEW CENTURY | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I, Inc., Trust 2006-NC4 ("Deutsche Bank") have filed a joint Rule 12(b)(6) motion to dismiss this civil action brought by Plaintiff Ray Flowers arising out of the foreclosure of his home in Dallas, Texas. Succinctly stated, Plaintiff alleges that Defendants lacked authority to initiate foreclosure proceedings and sell his home to Deutsche Bank.[1] Plaintiff asserts claims for wrongful foreclosure, fraud, negligent misrepresentation, unjust enrichment, and a declaratory judgment that Defendants are not the lawful owners of his mortgage note or his property and that the foreclosure sale was invalid. Defendants move to dismiss all of Plaintiff's claims and causes of action on grounds that he has failed to state a claim upon which relief

---

[1] Plaintiff's operative pleading is his Original Petition filed in Texas state court. Defendants timely removed this case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

can be granted. Plaintiff failed to file any written response to Defendants' motion to dismiss. The Court therefore considers the motion without the benefit of a response

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff alleges that he and his former spouse, who is not a party to this action, obtained a mortgage loan from New Century Mortgage Corporation ("New Century") on March 15, 2006. Plf. Orig. Pet. at 3, ¶ 11. In connection with that loan, Plaintiff executed (1) an adjustable rate promissory note (the "Note") payable to New Century and (2) a Deed of Trust granting New Century a security interest in Plaintiff's home to secure payment of the Note. *Id.*, ¶¶ 11, 12 & Exhs. A & B. On or about June 23, 2006, Plaintiff's loan was securitized, and the Note was transferred to the

Morgan Stanley ABS Capital I, Inc., Trust 2006-NC4 (the "Trust"). *Id.* at 4, ¶¶ 13-14. Wells Fargo d/b/a America's Servicing Company became the servicer of Plaintiff's loan. *Id.*, ¶ 13. On May 27, 2008, Wells Fargo, as New Century's attorney-in-fact, executed an Assignment of Note and Deed of Trust purporting to transfer ownership of the loan documents to Deutsche Bank. *Id.*, ¶ 15. Sometime after March 14, 2010, Wells Fargo notified Plaintiff that foreclosure proceedings had been initiated against his home. *Id.*, ¶ 16. Thereafter, Plaintiff allegedly contacted Wells Fargo on numerous occasions to obtain information about the status of his loan, including information to determine the chain of title to the Note and the identity of the parties claiming an interest in the loan, but Wells Fargo failed or refused to respond appropriately. *See id.* at 4-5, ¶¶ 17-19. Plaintiff's home was sold to Deutsche Bank at a foreclosure sale held on November 1, 2011. *Id.* at 5, ¶ 22. By this lawsuit, Plaintiff contends that the May 27, 2008 assignment of his mortgage Note was invalid and, therefore, Wells Fargo and Deutsche Bank lacked authority to initiate foreclosure proceedings. *Id.*, ¶¶ 23, 24. Plaintiff further contends that the invalid assignment resulted in an ineffective appointment of substitute trustee, which rendered the foreclosure sale void. *Id.*, ¶ 25.

Defendants initially contend that Plaintiff lacks standing to bring any claims based on an alleged deficiency in any assignment of the Note or Deed of Trust because he was not a party to such assignment. Def. Mot. at 3-4. The Fifth Circuit has recently clarified that Texas law permits a homeowner to challenge the chain of assignments by which a party claims a right to foreclose. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, --- F.3d ----, 2013 WL 3480207, at *3 (5th Cir. July 11, 2013). However, the homeowner's standing is limited to claims that render an assignment void, rather than merely voidable at the election of the assignor. *Id.*; *Martin v. Wells Fargo Bank, N.A.*, No. 3:12-CV-3695-L, 2013 WL 3809676, at *3 (N.D. Tex. July 23, 2013). Here, Plaintiff has

standing to challenge the May 27, 2008 assignment of his Note because such claims are based on grounds that would render the assignment void, *i.e.*, that New Century, the purported assignor, had no interest to assign because it had previously transferred the Note to the Trust.

Turning to the sufficiency of Plaintiff's allegations, the Court determines that Plaintiff has failed to plead sufficient facts to state a claim for wrongful foreclosure. In Texas, the elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Biggers v. BAC Home Loans Serv., LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing cases). Plaintiff fails to allege any facts showing that his home was sold at a "grossly inadequate selling price." Nor does he allege any facts that explain how a defect in the foreclosure sale proceedings resulted in a grossly inadequate selling price. Thus, Plaintiff's claim for wrongful foreclosure should be dismissed under Rule 12(b)(6). *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (per curiam) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege ... a grossly inadequate selling price and a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price."); *Hurd v. BAC Home Loans Serv., LP*, 880 F.Supp.2d 747 (N.D. Tex. 2012) (dismissing wrongful foreclosure claim under Rule 12(b)(6) where plaintiff failed to allege that the property was sold for a grossly inadequate price or a causal connection between the alleged defects in the foreclosure sale and any grossly inadequate selling price).

Plaintiff's allegations are similarly insufficient to state a claim for fraud or negligent misrepresentation. To state a claim for fraud under Texas law, Plaintiff must allege facts showing that: (1) a defendant made a material representation; (2) the representation was false; (3) the speaker

knew it was false at the time it was made, or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that Plaintiff should act upon it; (5) Plaintiff acted in reliance on the representation; and (6) Plaintiff thereby suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). To state a claim for negligent misrepresentation, Plaintiff must allege that: (1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation; (2) the defendant supplied "false information" for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Plaintiff suffered pecuniary loss by justifiably relying on the representation. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (citing RESTATEMENT (SECOND) OF TORTS § 552(1) (1977)). Plaintiff's petition merely outlines the elements of these causes of action. It wholly fails to identify any particular representation by one or more of the Defendants, explain why such representation was false, or show how Plaintiff relied on such misrepresentation. Plaintiff's "formulaic recitation" of the elements of a claim for fraud and negligent misrepresentation are insufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 1965.

Nor has Plaintiff pled a plausible claim for unjust enrichment. Under Texas law, unjust enrichment is a quasi-contractual claim based on the absence of an express agreement. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Here, the Note and Deed of Trust govern the parties' relationship with respect to Plaintiff's home and preclude a cause of action for unjust enrichment. *See Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M-BH, 2013 WL 497883, *6 (N.D. Tex. Jan. 16, 2013) (dismissing unjust enrichment claims against mortgage lender and servicer on grounds that note and deed of trust represent contractual relationship among the

5

parties); *Bircher v. Bank of New York Mellon*, No. 4:12-CV-171-Y, 2012 WL 3245991, at *6 (N.D. Tex. Aug. 9, 2012) (same).

The Court further observes that Plaintiffs' claims based on an allegation that Defendants lacked authority to initiate foreclosure proceedings fail as a matter of law. Texas law provides that a mortgage servicer may administer foreclosure proceedings on behalf of a mortgagee if certain conditions are met. *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing TEX. PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007)). None of those conditions require the mortgage servicer to be the "owner" of the Note or otherwise hold an interest in the loan. *See Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb.1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010). It is undisputed that Wells Fargo was Plaintiff's mortgage servicer. Plf. Orig. Pet. at 4, ¶ 13. Thus, Wells Fargo had authority to initiate foreclosure proceedings.

Because no substantive claims remain, Plaintiff's claims for a declaratory judgment and injunctive relief also should be dismissed. *Mitchem v. Mortg. Elec. Registration Servs., Inc.*, No. 3:12-CV-1762-M-BH, 2013 WL 3870038 (N.D. Tex. July 26, 2013) (dismissing claims for declaratory judgment and injunctive relief based on plaintiff's failure to plead any plausible substantive cause of action in case arising out of foreclosure proceedings against plaintiff's home); *see also Schrader-Scalf v. CitiMortgage, Inc.*, No. 3:12-CV-4446-D, 2013 WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (declining to entertain request for declaratory judgment where plaintiff failed to plead any plausible claim to contest lender's power to foreclose); *Jackson v. Fed. Home Loan*

*Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (dismissal of request for injunctive relief warranted because plaintiff could not establish any likelihood of success on the merits where court dismissed all of his substantive claims and causes of action arising out of alleged wrongful foreclosure).

Finally, although New Century did not join Defendants' Rule 12(b)(6) motion, any remaining claims against that entity should be dismissed. Plaintiff served New Century's registered agent for service of process on February 26, 2013. *See* Doc. 10. In response, the New Century Liquidating Trust (the "Liquidating Trust") informed Plaintiff's counsel and this Court that New Century TRS Holdings and several of its affiliates, including New Century, filed for Chapter 11 bankruptcy on April 2, 2007. *See* New Century Resp. (Doc. 11) at 1. The bankruptcy court established August 31, 2007 as the general claims bar date. *See id.* at 3. The Trustee for the Liquidating Trust has no record of any timely filed proof of claim by Plaintiff. *Id.* Thus, the Liquidating Trust contends that Plaintiff's claims against New Century are barred. Also, records maintained by the Liquidating Trust indicate that New Century is not a proper party to this action because it has no interest in Plaintiff's loan, which was sold to Morgan Stanley in April 2006 and the servicing was transferred to Wells Fargo d/b/a America's Servicing Company on August 1, 2006. *Id.* This information is consistent with the allegations in Plaintiff's complaint which do not assert any claim or cause of action directly against New Century. Plf. Orig. Pet. at 4, ¶¶ 13, 14. Accordingly, the Court should dismiss Plaintiff's claims against New Century.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendants' Motion to Dismiss (Doc. 4), and dismiss this case with prejudice.[2]

SO RECOMMENDED, _July 31_, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

[2] Ordinarily, the Court would allow Plaintiff an opportunity to amend his complaint in an attempt to cure the pleading defects identified by Defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, however, it is clear that Plaintiff, who failed to file any response to Defendants' motion to dismiss, is unwilling or unable to amend in a manner that will avoid dismissal.