IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAY FLOWERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3890-L** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, as TRUSTEE for MORGAN** | § | |
| **STANLEY ABS CAPITAL I, INC., TRUST** | § | |
| **2006-NC4; WELLS FARGO BANK, N.A.** | § | |
| **d/b/a AMERICA'S SERVICING** | § | |
| **COMPANY; and NEW CENTURY** | § | |
| **MORTGAGE CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants' Motion to Dismiss ("Motion to Dismiss"), filed on October 29, 2012 [Dkt. No. 4]. For the reasons herein discussed, the court **grants in part and denies in part** Defendants' Motion to Dismiss.

**I.    Factual and Procedural Background**

Plaintiff Ray Flowers ("Plaintiff") originally brought this mortgage foreclosure action on August 28, 2012, in the 134th Judicial District Court, Dallas County, Texas, against Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I, Inc., Trust 2006-NC4 ("Deutsche"); Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo"); and New Century Mortgage Corporation ("New Century") (collectively, "Defendants"). Plaintiff asserts claims for wrongful foreclosure, fraud, negligent misrepresentation, and unjust enrichment and seeks

a declaratory judgment and injunctive relief. The action was removed to federal court on September 26, 2012. Plaintiff's claims pertain to property located at 5406 Northmoor Drive, Dallas, Texas, 75229. In 2006, Plaintiff executed an adjustable rate promissory note ("Note) payable to New Century in the amount of $345,000 to purchase the Property. Plaintiff also executed a deed of trust to secure payment on the Note.

On October 29, 2012, Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 31, 2013, recommending that Defendants' motion to dismiss be granted and all of Plaintiff's claims be dismissed with prejudice. On August 28, 2013, Plaintiff filed objections to the Report, to which Defendants responded. Having carefully reviewed the pleadings, file, and record in this case, Plaintiff's objections, Defendants' response to the objections, and the findings and recommendation of the magistrate judge, the court **accepts in part and rejects in part** magistrate judge's findings and recommendation as herein set forth.

**II.      Plaintiff's Objections**

    **A.      Wrongful Foreclosure**

Plaintiff objects to the magistrate judge's determination that his wrongful foreclosure claim should be dismissed. Plaintiff contends that, under Texas law, a wrongful foreclosure claim can be based on procedural improprieties in the foreclosure process or the defendant's lack of authority to initiate foreclosure proceedings. Plaintiff asserts that his wrongful foreclosure claim is based on the latter theory, that is, that Defendants lacked authority to foreclose on the Property at issue due to improprieties in the assignment of his Note. Plaintiff therefore contends that the magistrate judge's

determination that he failed to state a wrongful foreclosure claim based on procedural improprieties in the foreclosure process misses the point. Plaintiff also contends that the magistrate judge's determination that Wells Fargo had authority under the Texas Property Code as mortgage servicer to foreclose on the Property does not account for his allegation that the entity for which Wells Fargo was acting in foreclosing on the Property is not the lawful owner of the Note.

    1.  *Wrongful Foreclosure Based on Procedural Impropriety in Foreclosure Process*

Plaintiff's pleadings and Objections are not a model of clarity. At first glance, it appears from Plaintiff's pleadings that he is asserting only a wrongful foreclosure claim based on statutory procedural improprieties in the foreclosure process even though he alleges in the factual background section of his Original Petition that Defendants' lacked authority to foreclose on the property. *See* Pl.'s Original Pet. 8, ¶ 36. Although Plaintiff states that he has not alleged and apparently does not intend to pursue a wrongful foreclosure claim based on procedural improprieties in the foreclosure process, to avoid any confusion moving forward as to whether Plaintiff has stated a valid claim on this ground, the court **accepts** the magistrate judge's determination that Plaintiff has failed to state a wrongful foreclosure claim based on this theory, as the determination in this regard is legally correct.

    2.  *Wrongful Foreclosure Based on Defendants' Alleged Lack of Authority to Foreclose*

The court, however, **sustains** Plaintiff's objection that dismissal of his wrongful foreclosure claim is premature to the extent it is based on the theory that Defendants lacked authority to foreclose on the Property. The court again notes that Plaintiff's pleadings and Objections are not a model of pellucid draftsmanship, as they tend to confuse matters rather than clarifying them. While Plaintiff questions Wells Fargo's status as mortgage servicer in his Objections, as correctly noted in the

Report, he alleges on "information and belief" in his pleadings that Wells Fargo was the mortgage servicer for Morgan Stanley. Plaintiff nevertheless does allege in his Original Petition that New Century sold the Note in 2006 to Morgan Stanley (with Wells Fargo as the mortgage servicer) and Wells Fargo, as attorney-in-fact for New Century, purportedly assigned the Note to Deutsche Bank in 2008 *after* New Century no longer owned the Note.

Based on the foregoing allegations, which the court must accept as true, the court concludes that Plaintiff has stated a claim for wrongful foreclosure based on Wells Fargo's alleged lack of authority to initiate foreclosure proceedings on the Property at issue because, as alleged by Plaintiff, New Century had no interest in 2008 to assign the Note to Deutsche, as it had previously transferred the Note. Given the alleged impropriety in the 2008 assignment, Plaintiff's allegation that Wells Fargo was acting as the mortgage servicer is of no moment, as any authority Wells Fargo had as mortgage servicer was necessarily based on the authority of the owner of the Note. The court therefore **rejects** the magistrate judge's determination that Plaintiff has failed to state a wrongful foreclosure claim based on Defendants' lack of authority to foreclose on the Property.

Accordingly, to the extent Plaintiff intended to assert a wrongful foreclosure claim based on procedural improprieties in the foreclosure process, the court will grant Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim on this theory. The court, however, will deny the motion to dismiss Plaintiff's wrongful foreclosure claim to the extent that the claim is based on Plaintiff's theory that Defendants lacked authority to foreclose on the Property as a result of the allegedly improper assignment of the Note.

### B.     Fraud and Negligent Misrepresentation

Plaintiff objects to the magistrate judge's recommendation that his fraud and negligent misrepresentation claims be dismissed for failure to state a claim. Defendants moved for dismissal of these claims on the ground that Plaintiff's pleadings failed to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. The magistrate judge concluded that Plaintiff's pleadings as to these claims are merely a "formulaic recitation" of the elements for fraud and negligent misrepresentation and that Plaintiff's pleadings therefore failed to satisfy *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Report 5. The court agrees with the magistrate judge's determination that Plaintiff's pleadings as to these claims are insufficient to satisfy *Twombly*. The court nevertheless **sustains** Plaintiff's objection and will allow him to replead these claims with more particularity because he has not previously amended his pleadings. Moreover, because this case was removed from state court, Texas's "fair notice" pleading standard rather than the stricter federal standard applies. *Chandler Mgmt. Corp. v. First Specialty Ins. Corp.*, No. 3:12-CV-2541-L, 2013 WL 395577, at *6 (N.D. Tex. Jan. 31, 2013) (citing *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005)). The court therefore **rejects** the magistrate judge's recommendation that Plaintiff's fraud and negligent misrepresentation claims be dismissed and will deny Defendants' motion to dismiss these claims.

### C.     Unjust Enrichment

Plaintiff objects to the magistrate judge's recommendation that his claim for unjust enrichment be dismissed. The Report correctly notes that "under Texas law, unjust enrichment is a quasi-contractual claim based on the absence of an express agreement." Report 5 (citing *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000)). Thus, there can "be no claim for unjust

enrichment when there is a binding contract between the parties." *Bircher v. Bank of New York Mellon*, 2012 WL 3245991, at *6 (N.D. Tex. Aug. 9, 2012). As already discussed, however, Plaintiff contends that no binding contract between the parties exists as a result of the improper assignment. The court therefore **sustains** the objection and **rejects** the magistrate judge's recommendation that Plaintiff's unjust enrichment claim be dismissed for failure to state a claim upon which relief can be granted. Accordingly, dismissal of this claim is not proper and Defendants' motion to dismiss as to this claim will be denied.

      **D.**      **Declaratory Judgment and Injunctive Relief**

Plaintiff objects to the magistrate judge's recommendation to dismiss his request for a declaratory judgment and injunctive relief. The magistrate judge determined that Plaintiff's request for declaratory and injunctive relief should be denied because no substantive claims remain. Given that the court has determined that dismissal of all of Plaintiff's claims is premature, the court **sustains** Plaintiff's objection and **rejects** the magistrate judge's recommendation as to Plaintiff's request for declaratory and injunctive relief. Accordingly, the court will deny Defendants' motion to dismiss on this ground.

**III.**      **Conclusion**

For the reasons explained, the court **accepts** the magistrate judge's findings and recommendation as to any wrongful foreclosure claim by Plaintiff based on procedural improprieties in the foreclosure process and **grants** Defendants' Motion to Dismiss Plaintiff's wrongful foreclosure claim based on this theory. The court **rejects** the magistrate judge's findings and recommendation that Plaintiff's claim for wrongful foreclosure claim, based on Defendants' alleged lack of authority to foreclose on the Property, should be dismissed for failure to state a claim. The

court also **rejects** the magistrate judge's findings and recommendation that Plaintiff's claims for fraud, negligent misrepresentation, unjust enrichment, declaratory judgment, and injunctive relief should be dismissed at this juncture for failure to state a claim. Accordingly, the court **denies without prejudice** Defendants' Motion to Dismiss these claims. Plaintiff is **directed** to file an amended pleading by **October 4, 2013**, that satisfies Rule 9(b)'s heightened pleading standard as to his fraud and negligent misrepresentation claims. *Failure to do so will result in dismissal of Plaintiff's fraud and negligent misrepresentation claims with prejudice pursuant to Rule 12(b)(6) or without prejudice pursuant to Rule 41(b) for failure to comply with a court order.*

**It is so ordered** this 13th day of September, 2013.

Sam A. Lindsay
United States District Judge