IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAY FLOWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3890-L** |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, as TRUSTEE for MORGAN | § | |
| STANLEY ABS CAPITAL I, INC., TRUST | § | |
| 2006-NC4; WELLS FARGO BANK, N.A. | § | |
| d/b/a AMERICA'S SERVICING | § | |
| COMPANY; and NEW CENTURY | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Deutsche Bank National Trust Company, as Trustee for

Morgan Stanley ABS Capital I, Inc., Trust 2006-NC4 ("Deutsche") and Wells Fargo Bank, N.A.

d/b/a America's Servicing Company's ("Wells Fargo") (collectively,"Defendants") Motion for

Summary Judgment, filed on March 31, 2014 (Doc. 19).  After careful consideration of the motion,

brief, appendix, and applicable law, the court **grants** Defendants' Motion for Summary Judgment.

I.      **Factual and Procedural Background**

A.      **Procedural Background**

Plaintiff Ray Flowers ("Plaintiff") originally brought this mortgage foreclosure action on

August 28, 2012, in the 134th Judicial District Court, Dallas County, Texas, against Defendants.

On September 26, 2013, the action was removed to federal court because complete diversity of

citizenship exists between the parties and the amount in controversy exceeds $75,000.  Plaintiff

asserts claims for wrongful foreclosure, fraud, negligent misrepresentation, and unjust enrichment and seeks a declaratory judgment.  Plaintiff's claims pertain to property located at 5406 Northmoor Drive, Dallas, Texas, 75229 (the "Property").

On October 29, 2012, Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On July 31, 2013, Magistrate Judge Paul D. Stickney entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge, recommending that the court grant Defendants' motion.  On September 13, 2013, the court accepted in part and rejected in part the magistrate judge's findings, conclusions, and recommendation and directed Plaintiff to file an amended pleading with respect to his fraud and negligent misrepresentation claims that satisfied the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure.  On October 3, 2013, Plaintiff filed his First Amended Original Complaint ("Amended Complaint").  On March 31, 2014, Defendants filed a Motion for Summary Judgment ("Motion").  Plaintiff did not respond.  On July 2, 2014, Defendants filed their Notice of No Response to Motion for Summary Judgment, requesting that the court grant their Motion in light of Plaintiff's failure to respond.

> **B.     Factual Background**

On March 15, 2006, Plaintiff executed an adjustable rate promissory note ("Note") payable to New Century in the amount of $345,000 to purchase the Property.  Plaintiff also executed a deed of trust to secure payment on the Note that same day.

On June 1, 2006, New Century, Wells Fargo, Deutsche, and Morgan Stanley ABS Capital I, Inc. ("Morgan Stanley") entered a Pooling and Servicing Agreement ("PSA").  The PSA pooled multiple loans together into a securitized trust ("Trust") and conveyed the loans to the PSA's

Trustee.  Furthermore, the PSA specifically names Deutsche as trustee.  Defendants contend that, on August 1, 2006, Wells Fargo became the Plaintiff's mortgage servicer.

In his Amended Complaint, Plaintiff argues that sometime in April 2006, before the parties entered the PSA, New Century sold the Note and deed of trust to Morgan Stanley.  Morgan Stanley subsequently entered the PSA on June 1, 2006.  Plaintiff further argues that, pursuant to U.S. Internal Revenue Code Section 860D, the PSA required all notes to be transferred to the Trust on or before August 30, 2006. Plaintiff argues that the Note was never transferred to the Trust and therefore Deutsche could not have derived its right to foreclose the Property from the PSA.  Additionally, Plaintiff contends that on May 27, 2008, Wells Fargo, as attorney-in-fact for New Century, assigned the Note to Deutsche.  Plaintiff contends that Wells Fargo lacked authority to assign the Note to Deutsche because the Note had already been sold to Morgan Stanley.

Defendants do not admit or deny that New Century sold Morgan Stanley the Note. Defendants instead argue that Morgan Stanley transferred whatever interest it had in the Note to Deutsche when it signed the PSA on June 1, 2006.  The PSA states that the depositors, which include Morgan Stanley and New Century, "sell[], transfer[], assign[], set[] over and otherwise convey[] to the Trustee for the benefit of the Certificateholders, without recourse, all the right, title and interest of the Depositor in and to the Trust Fund, and the Trustee, on behalf of the Trust, hereby accepts the Trust Fund." Def.'s Mot. for Summ. J., Ex. A3 at 64.  Defendants contend that Deutsche had a right to foreclose under the PSA.  Defendants also argue that, on May 27, 2008, Wells Fargo, on behalf of New Century Mortgage, assigned the Note and Deed of Trust to Deutsche Bank in the public records.  Defendants, therefore, argue that Deutsche owned Plaintiff's mortgage at the time of the foreclosure.

**Memorandum Opinion and Order - Page 3**

Sometime after New Century assigned the Note and deed of trust to Deutsche, Plaintiff defaulted.  Plaintiff sought explanations regarding the status of his loans and options to resolve the problem but contends that Wells Fargo never provided adequate assistance. On November 21, 2010, Wells Fargo sent Plaintiff a Notice of Default.   On October 5, 2011, Wells Fargo's foreclosure counsel sent Plaintiff a Notice of Acceleration and Notice of Substitute Trustee's Sale.   On November 1, 2011, the Property was sold at a Substitute Trustee's sale. Plaintiff contends that the appointment of a substitute trustee was ineffective because the underlying assignment to Deutsche was ineffective.  Defendants contend that Plaintiff remains a resident at the Property and has not made a mortgage or rental payment since 2010.

II.    **Motion for Summary Judgment Standard - No Response Filed**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Id.*  (citation omitted).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.  *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant

and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*.

If the nonmoving party fails to make a showing sufficient to establish the existence of an element

essential to its case and on which it will bear the burden of proof at trial, summary judgment must

be granted. *Celotex*, 477 U.S. at 322-23.

Plaintiff filed no response to the summary judgment motion. This failure, of course, does

not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d

172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed

when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who

does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute

summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)

(citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Plaintiff's

pleadings are not verified and, therefore, Plaintiff has presented no summary judgment evidence.[1]

## III.    Undisputed Facts

Because Plaintiff did not respond to Defendants' Motion, the court accepts the material facts

presented in Defendants' motion for summary judgment as undisputed. The court, therefore, accepts

Defendants' recitation of the facts concerning the assignment of the Note and deed of trust. On

March 15, 2006, Plaintiff executed the Note, payable to New Century for $345,000, to purchase the

Property. Plaintiff also executed a deed of trust to secure payment on the Note. On June 1, 2006,

New Century, Wells Fargo, Deutsche, and Morgan Stanley entered the PSA. Pursuant to the PSA,

---

[1] Plaintiff's Original Petition, Application for Temporary Restraining Order, and Request for Temporary Injunction, filed in the 134th Judicial District Court, Dallas County, Texas, on August 28, 2012, was verified. Plaintiff, however, filed his Amended Complaint on October 3, 2013. Plaintiff's Amended Complaint, which is the live pleading and not verified, supersedes Plaintiff's Original Petition and does not qualify as competent summary judgment evidence.

Morgan Stanley transferred whatever rights it had in Plaintiff's mortgage to the PSA's trustee Deutsche.  Furthermore, on May 27, 2008, Wells Fargo, acting on behalf of New Century transferred the mortgage to Deutsche and filed the transfer in the public records.  Defendants, therefore, claim that Deutsche qualifies as the mortgagee based on either the 2006 or 2008 assignments.

IV.     **Analysis**

A.      **Standing Argument**

Defendants argue that Plaintiff is not a party to the contract or a third party beneficiary and therefore lacks standing to challenge the assignments for violating the PSA.  There is no per se rule preventing plaintiffs from challenging assignments of notes and deeds of trust.  *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013)(agreeing with appellants' argument that "'Texas state and federal courts routinely allow a homeowner to challenge the chain of assignments by which a party claims a right to foreclose . . . .'"); *see also Preston v. Seterus, Inc.*, 931 F. Supp. 2d  743, 753-55 (N.D.Tex. 2013) (declining to adopt a per se rule that would prevent plaintiffs from making any challenge to foreclosure based on assignment of the deed of trust because of lack of standing).  Plaintiff has standing to argue that the assignments are void *ab initio* but lacks standing to argue that the assignments are voidable.   The Fifth Circuit recently addressed this standing issue and concluded that:

> Though "the law is settled" in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend "on any ground which renders the assignment void."

*Reinagel*, 735 F.3d at 225 (footnote omitted).

**Memorandum Opinion and Order - Page 7**

Although Plaintiff did not respond to Defendants' Motion, he sets forth two grounds for voiding the assignments of his Note and deed of trust in his Amended Complaint. First, Plaintiff contends that New Century was without lawful authority to assign the note to Deutsche in 2008. Plaintiff is essentially contending that New Century did not own the note at the time of the transfer because Morgan Stanley was the rightful owner. This would render the entire assignment void, and in accordance with *Reinagel*, Plaintiff has standing to challenge the assignment on this basis. *See Reinagel,* 735 F.3d at 225; *see also Calderon v. Bank of America N.A.*, 941 F. Supp. 2d 753, 764 (W.D. Tex. 2013) ("A void contract is 'invalid or unlawful from its inception' and therefore cannot be enforced.") (citation omitted).

In his Amended Complaint, Plaintiff also contends that Morgan Stanley never transferred the Note into the Trust and therefore remains the owner of the Note. Plaintiff argues that the PSA required the notes to be transferred to the Trust on or before August 30, 2006. Plaintiff lacks standing to the extent that he maintains that the transfer violates the PSA's deadline or other terms. An assignment that violates the terms of a pooling agreement renders it voidable. *See Reingel*, 735 F.3d at 228 ("Moreover, even assuming that the [appellants] are third-party beneficiaries, the fact that the assignments violated the PSA   a separate contract   would not render the assignments void, but merely entitle the [appellants] to sue for breach of the PSA."). Plaintiff, therefore, lacks standing to sue Defendants for violating the terms of the PSA, as this argument would render the assignment voidable and not void *ab initio*.

The court reiterates that Plaintiff's pleadings are not models of clarity. Plaintiff, however, seems to contend that the transfer never occurred and not that it merely violates the terms of the PSA. This would render the assignment void, as there could be no assignment of the Note to

**Memorandum Opinion and Order - Page 8**

Deutsche, as trustee, if the Note was never transferred in the first place.  In other words, Plaintiff contends that the Note and deed of trust are not part of the Trust to which Deutsche serves as Trustee.  Plaintiff has standing to challenge Morgan Stanley's assignment to the Trust on the basis that the transfer never occurred.

### B.   Plaintiff's Causes of Action

#### 1.   Quiet Title

In his Amended Complaint, Plaintiff brings a claim to quiet title, contending that he remains the lawful owner of the Property and that Defendants did not have lawful authority to foreclose the Property.  In their Motion, Defendants argue that two separate assignments provide Deutsche with the authority to foreclose Plaintiff's property.  First, in 2006, the Note and deed of trust were pooled as part of the PSA.  Defendants contend that, as of June 1, 2006, Morgan Stanley transferred its interest in Plaintiff's mortgage to the Trust.  Deutsche received that assignment, because the PSA names Deutsche trustee of the Trust.  Additionally, Wells Fargo, acting on behalf of New Century, assigned the mortgage to Deutsche in the public records on May 27, 2008.  Accepting Defendants' facts as undisputed, Deutsche was the rightful owner of the mortgage and had the authority to foreclose the property when Plaintiff defaulted on his mortgage payments.  Plaintiff has failed to raise a genuine dispute of a material fact on his quiet title claim, and Defendants are entitled to a judgment as a matter of law on this claim.

### 2.    Fraud

Plaintiff also brings a claim for fraud, alleging that Deutsche and Wells Fargo falsely and knowingly represented to him that Deutsche owned his mortgage. If the court accepts that Deutsche properly received an assignment of the mortgage as an undisputed fact, Deutsche and Wells Fargo's statements that Deutsche owned the mortgage were not false. Plaintiff, therefore, has failed to raise a genuine dispute of material fact regarding his fraud claim, and Defendants are entitled to a judgment as a matter of law on this claim.

### 3.    Negligent Misrepresentation

Plaintiff brings a claim for negligent misrepresentation, contending that Deutsche and Wells Fargo negligently misrepresented to the Plaintiff that Deutsche owned the Note. Because the court accepts that Deutsche properly received assignment of the mortgage as an undisputed fact, Plaintiff has not raised a genuine dispute of material fact regarding misrepresentation, and Defendants are entitled to a judgment as a matter of law on this claim.

### 4.    Wrongful Foreclosure

Plaintiff brings a claim for wrongful foreclosure, contending that Defendants lacked the authority to foreclose the Property. Defendants' Motion does not specify when Morgan Stanley obtained an interest in the Note and deed of trust. Even so, Defendants argue that Morgan Stanley transferred whatever interest it had on June 1, 2006, when it signed the PSA. Furthermore, on May 27, 2008, Wells Fargo,  on behalf of New Century, assigned the Note and deed of trust to Deutsche and recorded the assignment in the public records. Accepting Defendants' facts as undisputed, Deutsche owned the Note and deed of trust when Wells Fargo  foreclosed the Property in 2011 on

its behalf.[2]  Plaintiff has thus failed to raise a genuine dispute of material fact regarding wrongful foreclosure, and Defendants are entitled to a judgment as a matter of law on this claim**.**

### 5.    Unjust Enrichment

Plaintiff brings a claim for unjust enrichment, contending that no binding contract existed between Plaintiff and Defendants and therefore Defendants were unjustly enriched when they foreclosed the Property.  Accepting Defendants' facts as undisputed, Plaintiff and Defendants were in privity of contract, Plaintiff was bound by the terms of the Note and deed of trust, and Deutsche was properly assigned the mortgage.  Plaintiff has not raised a genuine dispute of material fact regarding unjust enrichment, and Defendants are entitled to a judgment as a matter of law on this claim.

### 6.    Declaratory Judgment and Injunctive Relief

Plaintiff seeks a declaratory judgment with a declaration from the court stating that the foreclosure was invalid; that the assignments were ineffective and improperly executed; that the Note is discharged; and that the security interest is lost.  Defendants argue that there is no continuing justiciable controversy between the parties.  Because no substantive claims remain and the court

---

[2] What Defendants deem as their "belt and suspenders" argument creates a potentially confusing fact scenario. Defendants argue that Deutsche obtained its interest in the Note and deed of trust from the PSA in 2006.  Defendants also argue that Wells Fargo, on behalf of New Century, transferred the Note and deed of trust to Deutsche in 2008; Defendants do not specify why this transfer was necessary if Deutsche already owned the Note and deed of trust from the 2006 PSA.  Deutsche appears to have received assignment of the Note and deed of trust twice.  It is unclear what interest Morgan Stanley and New Century relinquished when signing the PSA and whether New Century retained any interest.  Although it is unclear how these two transfers work in tandem, Plaintiff has not responded to Defendants' summary judgment arguments, and the court must accept Defendants' facts as undisputed.  The court, therefore, accepts as undisputed that Deutsche was assigned Plaintiff's Note and deed of trust in 2006 and 2008, before the foreclosure date.

The court notes that Defendant New Century Mortgage Corporation ("New Century") did not join in Defendants' Motion.  The only filing the court received regarding New Century is a letter from New Century Liquidating Trust, explaining that it filed for bankruptcy on April 2, 2007, and is not a proper party to this suit.  Based on the record and the undisputed facts, New Century is not a proper party to the dispute, and the court will accordingly dismiss this action against it without prejudice.

**Memorandum Opinion and Order - Page 11**

accepts, as undisputed fact, that Deutsche lawfully received an assignment of the Note, Plaintiff is not entitled to a declaratory judgment. No actual controversy remains. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) ("[A]n actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.") (citation, brackets, and internal quotation marks omitted). There is no genuine dispute of material fact on any of Plaintiff's claims and therefore Plaintiff has no right to declaratory or injunctive relief.

### C. Defendants' Claim for Attorney's Fees

Defendants seek payment of their attorney's fees. The court believes that any claim for attorney's fees should be made pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. In doing so, Defendants must set forth the basis and authority for their entitlement to attorney's fees and provide sufficient documentation that supports the fees requested. Any application for attorney's fees that does not comply with the requirements of Rule 54(d)(2) will be denied.

### V. Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists as to Plaintiff's claims for quiet title, fraud, negligent misrepresentation, wrongful foreclosure, unjust enrichment, and declaratory or injunctive relief. Defendants are therefore entitled to judgment as a matter of law on these claims. Accordingly, the court **grants** Defendants' Motion for Summary Judgment and **dismisses with prejudice** this action against Deutsche and Wells Fargo. Based on the record, the court also **determines** that New Century is not a proper party and **dismisses without prejudice** this action against it. Judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 16th day of October, 2014.

Sam A. Lindsay
United States District Judge